FLYNN v. EGAN

———

(November 18, 1929. Opinion and Decree.)
(December 16, 1929. Rehearing Refused.)

Richard A. Dowling and Wm. R. Kinsella, of New Orleans, attorneys for plaintiff, appellee.

Milner & Porteous and P. M. Milner, of New Orleans, attorneys for defendants, appellants.

WESTERFIELD, J. Plaintiff brings this suit for damages for personal injuries against defendants, who are paving contractors, alleging that he fell into an excavation in the sidewalk which had been made by the defendants in connection with certain paving work they were engaged in.

The accident occurred at 8 p. m. on the night of January 10, 1929, on Franklin Avenue, between Myrtle and Elder Streets. The excavation, which was on the sidewalk of Franklin Avenue, was seven feet long, four feet wide and three feet deep. This sidewalk is paved in the center, with a grass plot on each side. The paving is four feet wide and the excavation extended into the paving about twelve inches. The night of the accident was rainy and dark. Plaintiff alleges that, at the time of the accident, he was walking with his mother on the pavement on Franklin Avenue, that the hole was not protected by any barricade or lantern and that he was suddenly precipitated into it without being aware of its presence. Defendants aver that they are without responsibility, for the reason that a proper barricade had been erected and a red lantern placed about the excavation, and that at 6 o'clock of the evening of the accident a night watchman in the employ of defendants, whose duty it was to inspect this lantern and others on similar excavations in other localities where defendants' paving operations were in progress, observed this lantern to be burning.

There was judgment below in plaintiff's favor in the sum of $979.50 and defendants have appealed.

There is little dispute as to the facts. We are convinced, as was the judge of the trial court, that the barricade and lantern had been put in place by an employee of defendants on the night of the accident, but that neither the barricade nor lantern was there when plaintiff fell in the hole. It appears from the testimony of defendants' witnesses that several times prior to the accident the barricade had been removed and had to be replaced, one of the witnesses attributing the removal of the barricade to "bad boys" in the vicinity.

The trial court based its judgment upon the insufficiency of the barricade, which consisted of a plank two inches wide by ten feet long, supported by tiling ten inches wide and three feet high, in the middle of which had been placed a red lantern. Referring to this barricade the court said:

"I don't think the barricade was a sufficient barricade to protect the public. A lantern laying on a loose plank of that kind, supported on two tile pipes, especi-

ally in a neighborhood where boys are in the habit of removing it, does not allow a proper amount of safety to protect pedestrians walking along sidewalks from possible injury such as happened on this particular night."

We agree with our brother below and are also of the opinion that the barricade was insufficient. A barricade should be an obstruction and an actual impediment to travel, not merely a warning. The placing of a lantern in the middle of a plank loosely supported by tiles at each end does not impress us as a compliance with defendants' obligation in the premises, particularly since similar barricades had several times, in the past, been removed by unauthorized persons, leaving the excavation without any protection whatever. Moreover, this hole extended into the narrow paved walk upon which pedestrians were obliged to travel, an additional reason for the presence of a proper barricade. We are of opinion that defendants were properly held liable under the circumstances.

As to the quantum, the trial court allowed $750 for pain and suffering, in addition to medical expenses incurred by plaintiff and earnings of which he was deprived by reason of the accident. Plaintiff's knee was injured and he was confined to his home for four weeks. It does not appear that he suffered to any great extent and we believe an allowance of $500 for this item of damage would be more consistent with awards we have approved in similar cases.

For the reasons assigned, the judgment appealed from will be amended by reducing the amount awarded plaintiff by the sum of $250 and, in other respects, affirmed.